UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL JAMES CABLE,                )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    No. 1:26-cv-01433-JRO-KMB
                                    )
ELIZABETH GREIMANN,                 )
KERRY FORESTAL,                     )
                                    )
            Defendants.             )

**ORDER DISMISSING CASE AS FRIVOLOUS
AND IMPLEMENTING FILING BAN**

Michael James Cable is currently incarcerated at the Marion County Adult Detention Center. For the reasons explained in this Order, this action is dismissed as frivolous. Further, the Court now bans Cable from filing civil cases in this Court for a two-year period and orders him to pay $4,629.00 in all outstanding filing fees.

## I.    DISMISSAL

Cable has filed a notice of removal of Marion Superior Court 3 case number 49D03-2310-CT-038516. The Court takes judicial notice of the Case Summary of that case, available at mycase.in.gov, which reflects the following:

- Cable filed a "complaint/equivalent pleading" on October 2, 2023.

- Defendant Kerry Forestal, the sheriff of Marion County, Indiana, filed a motion to dismiss on December 7, 2023, which was granted on January 3, 2024.

1

- Defendants Judge Garland and Magistrate Judge Jennifer Haley filed a motion to dismiss on September 5, 2024, which was granted on September 26, 2024.

- The case was dismissed with prejudice on September 26, 2024.

Two years later, Cable now seeks to remove that long-dismissed state court action to this Court under 28 U.S.C. § 1441. Dkt. 1 at 1. This statute permits removal "by the defendant or the defendants" to a district court of a civil action of which this Court would have original jurisdiction. 28 U.S.C. § 1441(a). In the state court case, Cable was not the defendant; he was the plaintiff. And, again, the state court action was resolved in the fall of 2024 almost two years ago.

The timing alone suggests the removal is frivolous. But Cable's filing does not present a viable claim in any case. He alleges no facts against any defendants but rather recites legalese word salad. *See, e.g.* dkt. 1 at 1-2 ("So, in the meantime, SAID ACTORS with belligerent behavior; also purpose a 'dictator-tyrant' approach against the 'cause of action' (in the name of justice) that so exists to bring 'lawful claims' (4 Anne, ch 16) for distress against the 'original tortfeasors.' Mind you- THAT all of this 'moral turpitude' is tantamount to 'unclean hands' in a court of "common-law & equity' through MICHERY.") (spelling and punctuation in original).

A complaint may be dismissed as frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An allegation is factually frivolous when it is "clearly baseless, fanciful, fantastic,

2

delusional, irrational, or wholly incredible." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (cleaned up). Cable's allegations—to the extent the Court can discern them—are both legally and factually frivolous.

Remand here is not necessary. The state case has been closed for nearly two years, and the allegations in the complaint are frivolous. Instead, this action is **dismissed as frivolous**.

## II.   FILING BAN

The Court has repeatedly warned Cable that if he continued his practice of "abusive or frivolous litigation" he would be subjected to a filing restriction. *See Cable v. Indiana*, No. 1:26-cv-01278-TWP-MJD, dkt. 5 at 3 (S.D. Ind. June 23, 2026) (quoting *Martin v. Redden*, 34 F. 4th 564, 569 (7th Cir. 2022)); *Cable v. Seufert*, No. 1:26-cv-00120-JPH-MJD, dkt. 6 at 3 (Jan. 27, 2026) ("Should Plaintiff continue to make frivolous filings, the court may impose appropriate sanctions, including restricting his ability to file.").

"Every paper filed … no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). Frivolous filing behavior cannot be tolerated, and "the judicial authority to curb it is ample." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (collecting cases); *see also Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) ("District courts 'possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so

as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'") (quoting *Goodyear Tire & Rubber Co. v. Haeger,* 137 S. Ct. 1178, 1186, (2017) (internal citations omitted)).

Cable has refused to heed the Court's warnings to stop filing frivolous papers in this Court.  The Court finds that Cable's pattern of repetitive and frivolous litigation has consumed an inordinate amount of Court resources.  The only effective sanction is to restrict Cable's ability to file papers in this Court. The Court considered lesser sanctions, but they would not be effective because previous dismissals and warnings have not stopped Cable's frivolous litigation practices.  *See Rivera v. Drake,* 767 F.3d 685, 687 (7th Cir. 2014).

Accordingly, pursuant to Court's authority to curb frivolous filing behavior and its duty to protect the limited resources of the judicial system, it is now **ORDERED** that Cable is **PROHIBITED** from filing new papers in this Court until he pays $4,629.00 for the filing fees he owes for this case and the other cases he has filed in this Court.[1]  Until he pays those fees, the Clerk of this Court is **ORDERED to return unfiled any papers in civil litigation that Cable submits**

---

[1] The cases for which Cable owes fees are *Cable v. State of Indiana Administration*, Case No. 1:17-cv-03579-WTL-TAB, *Cable v. Paternity Court, et al.*, Case No. 1:17-cv-03722-SEB-MJD, *Cable v. Aramark, et al.*, Case No. 1:17-cv-03959-WTL-TAB, *Cable v. United Nations*, Case No. 1:17-cv-03979-SEB-MPB, *Cable v. Forestal, et al.*, Case No. 1:21-cv-03101-JRS-MJD, *Cable v. Holcomb, et al.*, Case No. 1:22-cv-00018-JRS-TAB, *Cable v. State of Indiana*, 1:26-cv-01199-MPB-KMB, *Cable v. USA*, 1:26-cv-01278-TWP-MJD, *Cable v. USA*, 1:26-cv-01279-SEB-KMB, *Cable v. Seufert*, 1:26-cv-00120-JPH-MJD, and this Case.  Although the deadline for Cable to pay his filing fee or move to proceed *in forma pauperis* has not yet passed, dkt. 6, the Court notes that Cable has made no effort to pay the filing fee or move for pauper status in the other cases he has filed in this Court in 2026.  Thus, there is no need to wait to impose the filing ban.  Instead, the Court requires that Cable pay the entire $405.00 filing fee in this matter.

**to this Court**, with the exception of a Notice of Appeal and habeas cases. *See Thelen v. Cross*, 656 F. App'x 778 (7th Cir. 2016) (imposing filing ban and citing *Mack*, 45 F.3d 185). After two years, Cable may seek modification or rescission of this Order. *Mack*, 45 F.3d at 187 ("Perpetual orders are generally a mistake.").

### III.   CONCLUSION

Cable has filed a frivolous notice of removal in a civil case that was resolved in state court in 2024. There is no cognizable basis for removal, the complaint is frivolous, and there is nothing for this Court or the state court to act on. This action is **dismissed as frivolous**. The **clerk is directed** to enter final judgment.

Additionally, the Court now implements a filing ban for a two-year period. Cable must pay $4,629.00 in all outstanding filing fees. Cable may not file any papers in this Court with the exception of a Notice of Appeal and habeas cases. The **clerk is directed** to docket a copy of this Order in Cable's other open case in this Court, *Cable v. Indiana*, 1:26-cv-01199-MPB-KMB.

**SO ORDERED.**

Date:  7/15/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL JAMES CABLE
488954
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203